0 ’Neill, J.,
dissenting. The right to court-appointed counsel is now guaranteed to defendants in state felony cases by the United States Constitution. Gideon v. Wainright, Dir. (1963), 372 U. S., 335. A corollary to this proposition of law is that there is no waiver of such right unless the trial record shows affirmatively that the accused was offered the aid of counsel hut refused the offer, understanding the consequences of his act. Carnley v. Cochran, Dir. (1962), 369 U. S., 506. Courts indulge every reasonable presumption against waiver of fundamental constitutional rights, and no acquiescence in their loss will be presumed from a silent record. Johnson v. Zerbst, Warden (1938), 304 U. S., 458, 464.
In the instant case, the majority of this court has chosen to presume otherwise. The basic premise upon which the court’s opinion rests is the presumption of judicial regularity in informing those accused of crime of their constitutional and statutory rights. This presumption is based upon a printed journal entry *69 which states only that the petitioner was informed of his constitutional rights. It should be noted at this point that, at the time of petitioner’s arraignment in 1954, there was no federal or state guaranteed constitutional right to court-appointed counsel in state felony cases. Betts v. Brady, Warden (1942), 316 U. S., 455. The Constitution of Ohio, Section 10, Article I, permits a criminal accused to appear with counsel but imposes no duty upon the court to inform him of his right to counsel or to provide counsel.
Under Section 2941.50, Bevised Code, the petitioner was entitled to court-appointed counsel. However, this right is statutory, and there is no indication in the journal entry that the petitioner was informed of his statutory rights.
The law is that there can be no presumption of waiver on the basis of a silent record. In fact, the law requires that there be a presumption against waiver when the record is silent.
The majority of the court indulges in three presumptions to reach its conclusion of waiver: (1) That the petitioner was informed of his statutory right to counsel; (2) that the petitioner intelligently understood the offer of counsel; and (3) that the petitioner intelligently and understandingly rejected the offer of counsel. The record is silent upon all three of these propositions. The only evidence in the record is the testimony of the petitioner that he was not informed of his right to counsel and no counsel was appointed for him.
I, therefore, respectfully dissent.